1  DAVID P. MASTAGNI. ESQ. (SBN 57721)
   DAVID E. MASTAGNI, ESQ. (SBN 204244)
2  WILL M. YAMADA, ESQ. (SBN 226669)
   STESHA R. HODGES, ESQ. (SBN 234892)
3  **MASTAGNI, HOLSTEDT, AMICK,**
   **MILLER, JOHNSEN & UHRHAMMER**
4  *A Professional Corporation*
   1912 "I" Street
5  Sacramento, California 95814
   Telephone: (916) 446-4692
6  Facsimile: (916) 447-4614

7  Attorneys for Plaintiffs

8              IN THE UNITED STATES DISTRICT COURT

9                 EASTERN DISTRICT OF CALIFORNIA

10

11 LONZO ANDERSON, ALICIA ALVALOS, )   CASE NO.
   DANIEL J. BALDERAS, GABRIEL )
12 BONILLA, KAROLY BOSTAI, JEREME )
   BROGAN, KRISTINA BROOKS, CHAD )     **COMPLAINT FOR VIOLATION OF**
13 BRUCE, AARON BUCKMASTER, JIMMY )    **THE FAIR LABOR STANDARDS**
   BURCIAGA, JOSEPH A. CAMPOS, MONICA ) **ACT**
14 P. CARO, MATTHEW CARROLL, )         **[29 USC § 201, et seq.]**
   CELESTINA CASTILLO, MICHAEL )
15 CLAYBORN, DUANE CORNETT, JOSEPH )
   "JODY" COX, SCOTT N. COX, DOUGLAS )  COLLECTIVE ACTION (F.L.S.A. § 216)
16 DALE CROMBIE, RICHARD DEITZ, )
   FRANKIE DOLE, SARA DOYLE, STEPHEN )
17 H. ELLIS, CESAR ESCOBAR, JEFFREY )
   FEDERICO, MARK FRICK, ALFRED )
18 GALAFATE, MICHAEL GIEFER, MICHAEL )
   GRAY, GREG GRUICH, JAMES GUY, )
19 JESUS GUZMAN, ROBERT HADLEY, JUDD )
   HEMBREE, GREG HERNANDEZ, SHAWN )
20 HERMOSILLO, CASEY HIGGINBOTHAM, )
   LORI HOLCOMB, DEMECIO HOLGUIN, )
21 FRANK HOLGUIN III, RYAN HOLMES, )
   JAMES HOWELL, JOSHUA HOWSER, )
22 ALVIN JENKINS, JOHN L. JOBE, TIM )
   JOHNSON, ANTHONY JONES, EDUARDO )
23 JONES JR., KEITH M. JUNG, KERRY )
   KELLY, RODNEY L. KLASSEN, KAREN )
24 MADRID, GARY MARKS, JAYSON )
   MARTHERUS, KEVIN B. MEDLEY, ELSA )
25 BEATRICE MEJIA, RAQUEL MERAZ, )
   ,JEREMY MEYST, DOUG MILLER, )
26 ROBERT MOORE, RONALD C. MOORE, )
   TRAVIS MYERS, DARREN C. NELSON, )
27 GORDON M. O'RAFFERTY, STEVEN W. )
   OLDS, ANNA ORTIZ, STEVEN PASILLAS, )
28 DAVID PEREZ, LEONARD G. PHILLIPS, 

MASTAGNI, HOLSTEDT, AMICK, MILLER, JOHNSEN & UHRHAMMER
A PROFESSIONAL CORPORATION
1912 I STREET
SACRAMENTO, CALIFORNIA 95814

COMPLAINT FOR VIOLATION OF THE FLSA
[29 USC § 201, ET SEQ.]

*Anderson, et al. v. County of Tulare*

JUSTIN C. PIPKIN, NATHAN POLK, )
CHAD E. RHYMAN, JEREMY ROSE, )
SANDRA ROBLES, STEVEN SANCHEZ, )
TIM SATTERFIELD, DANNY SERPA, )
TOM SIGLEY, YSIDRO J. TORRES, )
MICHEAL TYLOR STELOW, MARK T. )
STEWART, ROBERT STRASSENBURN, )
RONALD G. TAYLOR, ERIC TREVINO, )
JOSE TORRES, JAMES "JC" TURNER, )
DANIEL E. VILLALOBOS, BRIAN )
VOGEL, MICHAEL WADSWORTH, )
RANDALL WALTZ, JOSHUA WHEELER, )
DAVID B. WINTERS, ROBERT B. )
WINTERS, NATHAN WRIGHT, MIKE )
YANDELL, JOSEPH GARCIA YBARRA )
JR., acting for themselves and others similarly )
situated, )
                   Plaintiffs, )

v. )

COUNTY OF TULARE, )
                   Defendant. )

## JURISDICTION

1.    This action is brought pursuant to the provisions of the Fair Labor Standards Act 29 USC §§ 201, et seq., to recover from Defendant COUNTY OF TULARE (hereinafter "Defendant" or "County") for unpaid overtime compensation, liquidated damages and reasonable attorney's fees. Jurisdiction is conferred on this Court by 28 USC § 1331 and 29 USC § 216(b) of the Act. This Court has subject matter jurisdiction of this action pursuant to 29 USC § 201, et seq.

2.    Plaintiffs at all times hereinafter-mentioned were employed by the COUNTY OF TULARE as peace officers. Plaintiffs are or were members of the Tulare County Deputy Sheriffs' Association ("Association"). Plaintiffs were suffered and permitted to perform hours of work without compensation outside their normal work hours.

3.    Defendant is a political subdivision of the State of California and at all times

MASTAGNI, HOLSTEDT, AMICK,
MILLER, JOHNSEN & UHRHAMMER
A PROFESSIONAL CORPORATION
1912 I STREET
SACRAMENTO, CALIFORNIA 95814

COMPLAINT FOR VIOLATION OF THE FLSA
[29 USC § 201, ET SEQ.]
-2-
*Anderson, et al. v. County of Tulare*

herein-mentioned, employed Plaintiffs in the capacity of sworn Peace Officers.

## COLLECTIVE ACTION ALLEGATIONS

4.  This action is brought by Plaintiffs as a collective action, on their own behalf and on behalf of all others similarly situated, under the provisions of 29 U.S.C. § 216, for damages, liquidated damages, three year statute of limitations and relief incident and subordinate thereto including costs and attorney's fees.

5.  Plaintiffs bring this collective action on behalf of themselves and all other persons similarly situated who were members of the Deputy Sheriffs' Association, between October 31, 2002 to present and were required to work additional hours for Defendant without the requisite compensation.

6.  The exact number of members similarly situated in the collective group, as herein above identified and described, is estimated to consist of not less than 200 plaintiffs.

7.  Those individuals similarly situated constitute a well-defined community of interest in questions of law and fact. The claims of the represented parties are typical of the claims of those similarly situated. The represented parties will fairly and adequately reflect and represent the interest of those similarly situated.

8.  There are common questions of law and fact in this action relating to and affecting the rights of each member of the collective group and the relief sought is common to the entire class, namely, whether Defendant owes Plaintiffs overtime compensation for hours of uncompensated work, performed in excess of Plaintiffs' forty (40) hour work week or, where applicable, alternative work schedules.

9.  The claims of Plaintiffs and those similarly situated, depend on a showing of the acts and omissions of Defendant giving rise to the right of Plaintiffs to the relief sought herein. There is no conflict as to any individually named Plaintiff and other members of the collective group seeking to opt-in, with respect to this action, or with respect to the claims for relief herein set forth.

10  This action is properly maintained as a collective action in that the prosecution of separate actions by individual members of the collective group would create a risk of

MASTAGNI, HOLSTEDT, AMICK,
MILLER, JOHNSEN & UHRHAMMER
A PROFESSIONAL CORPORATION
1912 I STREET
SACRAMENTO, CALIFORNIA 95814

COMPLAINT FOR VIOLATION OF THE FLSA
[29 USC § 201, ET SEQ.]                                    -3-                              *Anderson, et al. v. County of Tulare*

adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications, or would substantially impair or impede their ability to protect their interests.

11.   The attorneys for Plaintiffs are experienced and capable in litigation in the field of Fair Labor Standards Act and Labor/Employment litigation and have successfully represented claimants in other litigation of this nature. Of the attorneys designated as counsel for Plaintiffs, David P. Mastagni, David E. Mastagni, Will M. Yamada and Stesha R. Hodges will actively conduct and be responsible for Plaintiffs' case herein.

## FACTUAL ALLEGATIONS

12.   Plaintiffs were or currently are members of the Tulare County Deputy Sheriffs' Association ("TCDSA"). Plaintiffs were or currently are sworn peace officers in the rank of Deputy Sheriff and Sergeant working in patrol and/or County jail assignments.

13.   Plaintiffs working on patrol duty were previously and are currently required by the County to arrive to work approximately fifteen (15) minutes or more prior to the beginning of their scheduled shift to conduct pre-shift briefings with the outgoing patrol deputies. Plaintiffs are required to conduct these pre-shift briefings donning full uniform and protective gear. During this briefing, Plaintiffs are appraised of any incidents occurring during the previous shifts and of other pertinent facts relevant to their duties as patrol officers.

14.   Plaintiffs are required to conduct this pre-shift briefing with outgoing deputies to assist them in the performance of their duties by informing them of the incidents to be aware of while on patrol. The County receives a benefit from mandating these pre-shift briefing by having deputies on patrol advised of incidents occurring in the previous shift and therefore being better prepared for patrolling their respective beats.

15.   Plaintiffs are informed and believe and therefore allege that deputies on patrol were and are expected and required to conduct these pre-shift briefing with the outgoing deputies assigned to patrol without compensation. Plaintiffs are informed that these pre-shift briefings were not optional but were in fact mandatory.

16.   These pre-shift briefs were and are an integral and indispensable part of the

MASTAGNI, HOLSTEDT, AMICK,
MILLER, JOHNSEN & UHRHAMMER
A PROFESSIONAL CORPORATION
1912 I STREET
SACRAMENTO, CALIFORNIA 95814

COMPLAINT FOR VIOLATION OF THE FLSA
[29 USC § 201, ET SEQ.]
-4-
*Anderson, et al. v. County of Tulare*

principal law enforcement activities performed by deputies assigned to patrol duties.

16. The Defendant was aware that the Plaintiffs were being required to perform these pre-shift briefings without compensation. Defendant knew or should have known that these pre-shift briefings constituted hours worked as defined under Federal law.

17. Plaintiffs are informed and believe and therefore allege that Defendant knowingly and intentionally refused to compensate Plaintiffs for all hours worked attending these pre-shift briefings described in paragraphs 13 through 17.

18. Plaintiffs are informed and believe, and therefore allege that Defendant knew or should have known the Fair Labor Standards Act obligated Defendant to compensate Plaintiffs for hours worked attending and performing these pre-shift briefings.

19. Plaintiffs are informed and believe, and therefore allege Defendants were notified that the FLSA required Defendants to compensate Plaintiffs for these hours of work.

20. Plaintiffs are informed and believe, and therefore allege that Defendant's conduct of not compensating plaintiffs for all hours worked was and is willful. Plaintiffs further allege that Defendant knew or recklessly disregarded the Fair Labor Standards Act by not compensating the Plaintiffs for these hours worked in pre-shift briefings.

21. Plaintiffs working in the jails are required to conduct prisoner counts at the beginning of their shift, at the end of their shift, and periodically throughout their shift. The prisoner count must be accurate and exact in order to ensure that all prisoners are accounted for. The prisoner counts are an integral and indispensable part of the principal law enforcement activities performed at Defendant's jails.

22. Plaintiffs working in the jails were previously and currently are required to arrive at their shift posts in full uniform approximately fifteen (15) minutes or more prior to the start of their scheduled shift. Plaintiffs are required to arrive at least fifteen (15) minutes early in order to conduct a prisoner count with the deputies they are replacing from the outgoing shift. Conducting the prisoner count at the start and end of each shift is mandatory and required under the policies and regulations of the jails.

23. During the course of the prisoner counts, which occur fifteen minutes or more

MASTAGNI, HOLSTEDT, AMICK,
MILLER, JOHNSEN & UHRHAMMER
A PROFESSIONAL CORPORATION
1912 I STREET
SACRAMENTO, CALIFORNIA 95814

COMPLAINT FOR VIOLATION OF THE FLSA
[29 USC § 201, ET SEQ.]         -5-         *Anderson, et al. v. County of Tulare*

prior to the beginning of Plaintiffs' scheduled shifts, Plaintiffs are also appraised by the outgoing deputies of any significant incidents occurring at the jail that day. The performance of these prisoner counts and briefings on significant incidents are an integral and indispensable part of the job requirements of all deputies working in the jail.

24. Plaintiffs are informed and believe and therefore allege that deputies in the jails are expected and required to work these pre-shift prisoner counts without compensation. Plaintiffs are informed and believe that these pre-shift prisoner counts are not optional but are in fact mandatory.

25. The Defendant was and is aware that the Plaintiffs are being suffered or permitted to work these pre-shift prisoner counts without compensation. Defendant knew or should have known that these pre-shift prisoner counts constitute hours worked as defined under Federal law.

26. Plaintiffs are informed and believe and therefore allege that when deputies working at the jail fail to arrive at their posts fifteen (15) minutes prior to the beginning of their shift, the outgoing deputies being replaced are forced to work past the end of their scheduled shift to conduct the prisoner count with the oncoming deputy. Plaintiffs being forced to work past the end of their scheduled shift are not compensated by the County for this additional work performed after the end of their scheduled shift.

27. The Defendant was and is aware that the Plaintiffs are being required to work past their scheduled shifts without compensation conducting prisoner counts with the oncoming deputy. Defendant knew or should have known that these post-shift prisoner counts constituted hours worked as defined under Federal law. Defendant was notified of its obligation to compensate Plaintiffs for their work.

28. At the end of each scheduled shift in the jail, deputies are required to conduct a prisoner count with the oncoming deputies. Occasionally during these prisoner counts, the number of prisoners counted does not coincide with the number of prisoners to be accounted for. Normally this miscount is the result of an inadvertent omission or mistake by a deputy conducting the count. In the event of a prisoner miscount, the deputy conducting the count is required to immediately conduct a recount to ensure that the correct number of prisoners are accounted for.

MASTAGNI, HOLSTEDT, AMICK,
MILLER, JOHNSEN & UHRHAMMER
A PROFESSIONAL CORPORATION
1912 I STREET
SACRAMENTO, CALIFORNIA 95814

COMPLAINT FOR VIOLATION OF THE FLSA
[29 USC § 201, ET SEQ.]         -6-         *Anderson, et al. v. County of Tulare*

29. Plaintiffs are informed and believe and therefore allege that the County has a past and current practice of penalizing deputies assigned to the jail by forcing them to work additional time after the end of their scheduled shifts without compensation when a miscount of the prisoners occurs.

30. Plaintiffs are informed and believe and therefore allege that when a prisoner miscount occurs at the end of a shift, the County's past and current practice is to force all outgoing deputies to stay on shift until the prisoners are re-counted and an accurate count is verified. The County does not compensate the deputies for the additional time they are suffered to work under such circumstances.

31. The Defendant was and is aware that the Plaintiffs are being required to work past their scheduled end times without compensation conducting prisoner recounts. Defendant knew or should have known that these prisoner recounts constituted hours worked as defined under Federal law. Plaintiffs are informed and believe and therefore allege Defendant has been notified its practice violates Federal Law.

32. Plaintiffs are informed and believe and therefore allege that Defendant knowingly and intentionally refused to compensate Plaintiffs for all hours worked conducting prisoner counts and recounts as described in paragraphs 18 through 31.

33. Plaintiffs are informed and believe, and therefore allege that Defendant knew or should have known the Fair Labor Standards Act obligated Defendant to compensate Plaintiffs for hours worked conducting prisoner counts and recounts before and after the end of their scheduled shifts.

34. Plaintiffs are informed and believe, and therefore allege that Defendant's conduct of not compensating plaintiffs for these pre-shift and post shift prisoner counts and recounts was willful. Plaintiffs further allege that Defendant knew or recklessly disregarded the requirements of the Fair Labor Standards Act by not compensating the Plaintiffs for these hours worked conducting prisoner counts and recounts in the jail before and after their scheduled shifts.

## FIRST COUNT

## CAUSE OF ACTION FOR THE VIOLATION OF

MASTAGNI, HOLSTEDT, AMICK
MILLER, JOHNSEN & UHRHAMMER
A PROFESSIONAL CORPORATION
1912 I STREET
SACRAMENTO, CALIFORNIA 95814

COMPLAINT FOR VIOLATION OF THE FLSA [29 USC § 201, ET SEQ.]     -7-     *Anderson, et al. v. County of Tulare*

## THE FAIR LABOR STANDARDS ACT

35. Plaintiffs incorporate by reference paragraphs 1 through 34, inclusive, as though set forth fully herein.

36. Defendant suffered and permitted Plaintiffs to perform hours of uncompensated work during patrol shifts and while working in the jail.

37. Plaintiffs' work conducting pre-shift briefings, and conducting prisoner counts and recounts was not voluntary, but was mandated and required by the Defendant as part of their job duties.

38. Defendant received a substantial benefit from the Plaintiffs for the work they performed conducting pre-shift briefings, and conducting prisoner counts and recounts.

39. Plaintiff's pre-shift and post shift activities conducting pre-shift briefings and conducting prisoner counts and recounts is compensable work. Pursuant to the United States Code of Federal Regulations, 29 C.F.R. § 553.221(b):

> Compensable hours of work generally include all of the time during which an employee is on duty on the employer's premises or at a prescribed workplace, as well as other time during which the employee is suffered or permitted to work for the employer. Such time includes all pre-shift and post-shift activities which are an integral part of the employee's principal activity or which are closely related to the performance of the principal activity, such as attending roll call, writing up and completing tickets or reports, and washing and re-racking fire hoses.

40. Plaintiff's pre-shift and post shift activities conducting pre-shift briefings and conducting prisoner counts and recounts is not de minimis and must be compensated. Pursuant to the United States Code of Federal Regulations, 29 C.F.R. § 785.47:

> An employer may not arbitrarily fail to count as hours worked any part, however small, of the employee's fixed or regular working time or practically ascertainable period of time he is regularly required to spend on duties assigned to him. See *Glenn L. Martin Nebraska Co. v. Culkin*, 197 F.2d 981, 987 (C.A. 8, 1952), cert. denied, 344 U.S. 866 (1952), rehearing denied, 344 U.S. 888 (1952), holding that working time amounting to $1 of additional compensation a week is "not a trivial matter to a workingman," and was not de minimis; *Addison v. Huron Stevedoring Corp.*, 204 F.2d 88, 95 (C.A. 2, 1953), cert. denied 346 U.S. 877, holding that "To disregard workweeks for which less than a dollar is due will produce capricious and unfair results." *Hawkins v. E.I. du Pont de Nemours & Co.*, 12 W.H. Cases 448, 27 Labor Cases, para. 69, 094 (E.D. Va., 1955), holding that 10 minutes a day is not de minimis.

41. At all times herein mentioned, Defendant and its agents and representatives were

MASTAGNI, HOLSTEDT, AMICK
MILLER, JOHNSEN & UHRHAMMER
A PROFESSIONAL CORPORATION
1912 I STREET
SACRAMENTO, CALIFORNIA 95814

COMPLAINT FOR VIOLATION OF THE FLSA
[29 USC § 201, ET SEQ.]    -8-    *Anderson, et al. v. County of Tulare*

aware of their obligations to pay Plaintiffs for all hours worked.

42. At all times herein mentioned, Defendant and its agents and representatives were aware of their obligations to pay Plaintiffs overtime compensation for all hours worked in excess of forty (40) hours per week, or where applicable, their alternative work schedules.

43. Defendant is not exempt from compensating Plaintiffs overtime at time and one-half Plaintiffs' "regular rate" of pay for all hours worked prior to and after the end of a scheduled work shift.

44. Defendant through its agents and representatives willfully and knowingly violated the Fair Labor Standards Act by failing to compensate the Plaintiffs for work performed in excess of forty (40) hours per work week, or where applicable, their alternative work schedules.

45. Defendant's failure to fully compensate Plaintiffs for all hours worked was not in good faith and is also a willful violation of the Fair Labor Standards Act.

46. As a result of the foregoing violations of the Fair Labor Standards Act as herein enumerated, Plaintiffs seek damages for back pay and overtime compensation, as well as liquidated damages.

47. Plaintiffs also seek reasonable attorney's fees pursuant to 29 USC Section 216(b).

WHEREFORE, Plaintiffs pray judgment as follows:

1. For unpaid compensation for all hours worked in excess of forty (40) hours per week, or where applicable, in excess of the number of hours indicated in their alternative work schedule, at one and one half their regular rate of pay, plus an equal amount in liquidated damages.

2. For a determination that Defendant's conduct was not in good faith and an intentional, knowing and willful violation of the FLSA, thus entitling Plaintiffs to liquidated damages and a three (3) year limitations period for recovery of unpaid overtime compensation;

3. For reasonable attorney's fees pursuant to 29 USC § 216(b);

MASTAGNI, HOLSTEDT, AMICK,
MILLER, JOHNSEN & UHRHAMMER
A PROFESSIONAL CORPORATION
1912 I STREET
SACRAMENTO, CALIFORNIA 95814

COMPLAINT FOR VIOLATION OF THE FLSA
[29 USC § 201, ET SEQ.]    -9-    *Anderson, et al. v. County of Tulare*

4. For costs incurred as a result of this proceeding; and

5. For such other and further relief as the court deems just and proper.

Dated: November 17, 2005

**MASTAGNI, HOLSTEDT, AMICK, MILLER, JOHNSEN & UHRHAMMER**

By: _____
DAVID E. MASTAGNI,
Attorney for Plaintiffs

MASTAGNI, HOLSTEDT, AMICK,
MILLER, JOHNSEN & UHRHAMMER
A PROFESSIONAL CORPORATION
1912 I STREET
SACRAMENTO, CALIFORNIA 95814

COMPLAINT FOR VIOLATION OF THE FLSA
[29 USC § 201, ET SEQ.]                                -10-                       *Anderson, et al. v. County of Tulare*