DAVID P. MASTAGNI, ESQ. (SBN 57721)
DAVID E. MASTAGNI, ESQ. (SBN 204244)
WILL M. YAMADA, ESQ. (SBN 226669)
**MASTAGNI, HOLSTEDT, AMICK, MILLER, JOHNSEN & UHRHAMMER**
*A Professional Corporation*
1912 "I" Street
Sacramento, California 95814
Telephone: (916) 446-4692
Facsimile: (916) 447-4614

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONZO ANDERSON, et al.,<br><br>　　　　　Plaintiffs<br>v.<br>COUNTY OF TULARE,<br>　　　　　Defendant. | CASE NO. **05-CV-F-01498-FVS-SMS**<br><br>**STIPULATION RE APPROVAL OF SETTLEMENT AGREEMENT AND DISMISSAL WITH PREJUDICE AND [PROPOSED] ORDER THEREON** |

## STIPULATION

The parties to the above captioned action hereby stipulate as follows:

1. Plaintiffs Lonzo Anderson, et al. (collectively "Plaintiffs") are presently or were previously employed by the County of Tulare ("Defendant"). Plaintiffs and the Defendant shall be collectively referred to as "Parties" herein.

2. Plaintiffs filed the above captioned action ("Action") on behalf of themselves and others similarly situated alleging violations of the Fair Labor Standards Act (29 U.S.C. § 201 et seq.) ("FLSA"). The Court has jurisdiction over the subject matter of this action and over the parties.

3. The Defendant filed an Answer to the Complaint denying its material allegations

STIPULATION RE APPROVAL OF SETTLEMENT
AGREEMENT AND DISMISSAL WITH PREJUDICE
AND [PROPOSED] ORDER THEREON
215394.1 TU020-201

*Anderson, et al. v. County of Tulare*
District Case No. 05-CV-F-01498-FVS-SMS

1. and asserting affirmative defenses thereto.
4. The Parties dispute the applicability of the FLSA to the facts as alleged in the Complaint.
5. The Parties have engaged in extensive negotiations in an attempt to resolve their differences, and throughout these negotiations all Parties were, and continue to be, represented by counsel experienced in wage and employment matters.
6. The Parties wish to avoid the potential uncertainty, expense and delay of litigation and have therefore reached an agreement. The terms of the Parties' agreement are embodied in the Settlement Agreement and General Release of All Claims ("Settlement Agreement") which all Parties have executed. A copy of the Settlement Agreement is attached hereto and incorporated herein;
7. Courts have determined that the provisions of the FLSA are mandatory and cannot generally be abridged by contract or otherwise waived. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352 (11th Cir. 1982). However, when employees bring a private action for compensation under the FLSA, and present the district court a proposed settlement, the district court may enter a judgment after scrutinizing the settlement for fairness. *Id.* at 1353;
8. By entering into this Stipulation and requesting Court approval, the Parties do not intend that the Court should make any findings or determination regarding the law.
9. The Parties jointly request the Court approve of and enter the Stipulation and Order; IT IS THEREFORE STIPULATED, by and between the Parties, through their respective counsel, that:
    1. The Settlement Agreement should be approved and this Stipulation and Order should be entered by the Court;

2. The Court should expressly reserve jurisdiction with respect to this Action for the purposes of enforcing the Settlement Agreement;

3. Upon the Court's approval of the Settlement Agreement, this Action should be dismissed with prejudice.

Dated: March 9, 2007

**MASTAGNI, HOLSTEDT, AMICK, MILLER, JOHNSEN & UHRHAMMER**

By: /s/ David E. Mastagni
DAVID E. MASTAGNI
Attorneys for Plaintiffs

Dated: March 9, 2007

**LIEBERT, CASSIDY, WHITMORE**

By: /s/ Peter Brown
PETER BROWN
Attorneys for Defendant

Dated: March 9, 2007

**TULARE COUNTY OFFICE OF THE COUNTY COUNSEL**

By: /s/ Teresa Saucedo
TERESA SAUCEDO
Attorney for Defendant

## [PROPOSED] ORDER

The Court has carefully reviewed the Settlement Agreement, the proposed Stipulation and Order, and relevant Exhibits. Based upon a review of the record, and good cause appearing, IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. The Settlement Agreement, which is incorporated herein by reference, is approved as fair, reasonable and just in all respects as to the Plaintiffs, and the Parties shall perform the Settlement Agreement in accordance with its terms;

2. The Court expressly reserves jurisdiction with respect to this Action for the purposes of enforcing the Settlement Agreement;

3. The Court has made no findings or determination regarding the law, and this Stipulation and Order and any exhibits and any of the other documents or written materials prepared in conjunction with this Stipulation and Order shall not constitute evidence of, or any admission of, any violation of the law;

4. This Action is hereby dismissed with prejudice.

Dated: _____     _____
HONORABLE SANDRA M. SNYDER

STIPULATION RE APPROVAL OF SETTLEMENT
AGREEMENT AND DISMISSAL WITH PREJUDICE
AND [PROPOSED] ORDER THEREON
215394.1 TU020-201
-4-
*Anderson, et al. v. County of Tulare*
05-CV-F-01498-FVS-SMS

## SETTLEMENT AGREEMENT AND GENERAL RELEASE OF CLAIMS

This Settlement Agreement and General Release ("Agreement") is made and entered into by and between the County of Tulare ("County") and Lonzo Anderson and 131 other named plaintiffs (collectively "Plaintiffs"), with reference to the following facts (the County and Plaintiffs are collectively referred to herein as the "Parties"):

### RECITALS

A.  Whereas, Plaintiffs presently are or were employed by the County of Tulare in the Sheriff's Department; and

B.  Whereas, on November 17, 2005, Plaintiffs filed an action captioned ANDERSON, LONZO; AVALOS, ALICIA; BALDERAS, DANIEL J.; BONILLA, GABRIEL; BOSTAI, KAROLY; BROGAN, JEREME; BROOKS, KRISTINA; BRUCE, CHAD; BUCKMASTER, AARON; BURCIAGA, JIMMY; CAMPOS, JOSEPH A.; CARO, MONICA P.; CARROLL, MATTHEW; CASTILLO, CELESTINA; CLAYBORN, MICHAEL; CORNETT, DUANE; COX, SCOTT N.; COX, JOSEPH (JODY); CROMBIE, DOUGLAS DALE; DEITZ, RICHARD; DOLE, FRANKIE; DOYLE, SARA; ELLIS, STEPHEN H.; ESCOBAR, CESAR; FEDERICO, JEFFREY; FRICK, MARK; GALAFATE, ALFRED; GIEFER, MICHAEL; GRAY, MICHAEL; GRUICH, GREG; GUY, JAMES; GUZMAN, JESUS; HADLE, ROBERT; HEMBREE, JUDD; HERMOSILLO, SHAWN; HERNANDEZ, GREG; HIGGINBOTHAM, CASEY; HOLCOMB, LORI; HOLGUIN, FRANK G. III; HOLGUIN, DEMECIO; HOLMES, RYAN; HOWELL, JAMES; HOWSER, JOSHUA; JENKINS, ALVIN; JOBE, JOHN L.; JOHNSON, TIM; JONES, ANTHONY; JUNG, KEITH M.; KELLY, KERRY; KLASSEN, RODNEY L.; MADRID, KAREN; MARKS, GARY; MARTHERUS, JAYSON; MEDLEY, KEVIN B.; MEJIA, ELSA BEATRICE; MERAZ, RAQUEL; MEYST, JEREMY; MILLER, DOUG; MOORE, RONALD C.; MOORE, ROBERT; MYERS, TRAVIS; NELSON, DARREN C.; OLDS, STEVEN W.; O'RAFFERTY, GORDON M.; ORTIZ, ANNA; PASILLAS, STEVEN; PEREZ, DAVID; PHILLIPS, LEONARD G; PIPKIN, JUSTIN C.; POLK, NATHAN; RHYMAN, CHAD E.; ROBLES, SANDRA; ROSE, JEREMY; SANCHEZ, STEVEN; SATTERFIELD, TIM; SERPA, DANNY; SIGLEY, TOM; STELOW, MICHEAL; STEWART, MARK T.; STRASSENBURG, ROBERT; TAYLOR, RONALD G.; TORRES, YSIDRO J.; TORRES, JOSE; TREVINO, ERIC; TURNER, JAMES (JC); VILLALOBOS, DANIEL E.; VOGEL, BRIAN; WADSWORTH, MICHAEL; WALTZ, RANDALL; WHEELER, JOSHUA; WINTERS, ROBERT B.; WINTERS, DAVID B.; WRIGHT, NATHAN; YANDELL, MIKE; YBARRA, JOSEPH JR. acting for themselves and others similarly, v. COUNTY OF TULARE" in the U.S. District Court for the Eastern District of California, Case No 05-CV-F-01498-FVS-SMS ("the Action") arising out of certain events that allegedly occurred during their employment with County; and.

C.  Whereas, the Court set an December 29, 2006, deadline for all potential collective action members to opt in to this action, and by December 29, 2006, the

following additional persons opted-in to the action (this includes three plaintiffs who the parties stipulated to add after December 29, 2006):  AMADOR, RANDOLPH; ANDERSON, CINDY J.; BROCK, JAY W.; CALDERON, GERARDO I.; CASTELLOW, JAKE; COOK, JEREMY; COULSON, SARA; CROUCH RONALD L.; CULLUM, DALE R.; DAVALOS, ORLANDO A.; DERINGTON, CHRISTAL; DOW; JOHN F.; DOYLE, SCOTT; DUNNE, KEITH; FALVY, GABOR; FLORES, REYNALDO; GARCIA, MARIA E.; GARCIA, KATHERINE M.; GARCIA, ROBERT; GONZALES, ANTHONY; GONZALEZ, MARION; GUERRERO, JAVIER C.; HATRSELL, ALEX; JENNINGS, CHRIS; LUCIO, EDUARDO; MACIAS, GABRIEL J.; MALDANADO, MARTIN; NIX, BRIAN; OGAN, DEANNA;  PARKER, RODNEY W.; SALMON, JULIAN; STAMPER, JULIE A.; VASQUEZ, MANNIX; VILLALOBOS, JR., EDGAR B.; WENZINGER, CHRISTOPHER S.; WINSLOW, DOUGLAS; ZARAGOZA, FRANK

       D.      Whereas, Plaintiffs' "Complaint for Violation of the Fair Labor Standards Act" ("Complaint"), as filed in the Action, alleges violation of the Fair Labor Standards Act (29 U.S.C. § 201, et seq.)("FLSA") and seeks recovery of allegedly unpaid overtime hours, liquidated damages, a one-year extension of the statute of limitations, attorneys fees and costs; and

       E.      Whereas, the County filed an Answer to the Complaint denying its material allegations and asserting affirmative defenses thereto; and

       F.      Whereas, the Plaintiffs' claims are in all respects controverted, and the applicability of the FLSA to the facts as alleged in the Complaint, as well as the applicable level of compensation, and all other claims, allegations and requests for damages; and

       G.      Whereas, the Parties have engaged in extensive negotiations, including a mediation on January 24, 2007, in an attempt to resolve their differences, and throughout these negotiations all Parties were, and continue to be, represented by counsel experienced in wage and employment matters; and

       H.      Whereas, the Parties wish to avoid the potential uncertainty, expense and delay of litigation and have therefore, based upon their extensive negotiations, agreed to a settlement of the Parties' dispute; and

       I.      Whereas, the potential recovery at trial, if any, remains unknown, but the Parties believe that the terms of this Agreement are consistent with and within the range of a reasonable result that Plaintiffs might expect to obtain after a trial; and

       J.      Whereas, as a result of their negotiations, the Parties want to settle the Action and resolve and release all disputes and claims arising out of the Action against the County; and

K.     Whereas, some of the Plaintiffs have retired, resigned, or no longer work for the County as of various dates prior to the date of this Agreement, and therefore must provide the County their current addresses in order to receive the benefits of this Agreement; and

L.     Whereas, the Parties want to enter into this Agreement as hereinafter set forth:

**NOW THEREFORE**, in consideration for the mutual promises and undertakings of the Parties as set forth below, Plaintiffs and the County hereby enter into this Agreement and agree as follows:

1.   <u>Recitals</u>.   The recitals set forth in this Agreement are true and correct and are hereby fully incorporated by reference into this Agreement. This Agreement affects claims and demands which are disputed, and by executing this Agreement, no Party admits or concedes any of the claims, defenses, or allegations which were raised or could be raised by any other party or any third party. Each Party expressly denies liability for any and all claims or demands. The Parties acknowledge that this is a compromise settlement of a disputed claim or claims. Moreover, neither this Agreement, nor any part of this Agreement, shall be construed to be nor shall be admissible in any proceeding as evidence of or any admission by any Party of any violation of law or any wrongdoing whatsoever. This document may be introduced in a proceeding to enforce the terms of the Agreement.

2.   <u>Settlement Terms</u>.

(a)   <u>Settlement Amount</u>. The County shall pay Seven hundred and thirty three thousand three hundred and thirty three dollars and fifty-eight cents ($733,333.58) to the Plaintiffs. Of that amount, three hundred and sixty six thousand six hundred and sixty six dollars and twenty cents ($366,666.20) shall be paid as wages and the amount, three hundred and sixty six thousand six hundred and sixty seven dollars and thirty-eight cents ($366,667.38) shall be paid as liquidated damages.

The plaintiffs will all receive a share (to be determined by Plaintiffs' counsel based on the number of pay periods worked during the relevant statute of limitations of this case) of the settlement amount. Each plaintiff's specific share of the settlement amount will be listed a separate sheet applicable to them in this Agreement. Plaintiffs will each sign an acknowledgment of their individual settlement amount which will include, among other things, the amount each plaintiff will receive for wages and liquidated damages. This acknowledgement will constitute each plaintiff's execution of this Agreement. Each plaintiff's settlement amount will be paid in two checks. One half of each plaintiff's settlement amount will be paid as wages and the other half as liquidated damages.

For the wage payment portion (one-half) of each plaintiff's settlement amount, each plaintiff will have their particular amount reduced by applicable withholdings for

state and federal taxes as listed on the subject plaintiff's W-4 form as on file with the County as of the date of the wage payment.

For the liquidated damages portion (one-half) of the settlement amount, the parties agree that the payments of liquidated damages are not wages, and therefore the parties believe that such amounts are not subject to federal and state tax withholding requirements, although they are taxable as gross income. Plaintiffs are encouraged to consult with a tax advisor or attorney to independently determine any federal, state or local tax consequences of the liquidated damage portion of their settlement amounts as no opinion on any tax matter is expressed herein. Plaintiffs are solely responsible for reporting amounts received as liquidated damages pursuant to this Agreement to any applicable federal, state or local agency as required by law. The City will issue an IRS 1099 form to each of the Plaintiffs in the amount of each of their respective liquidated damage amounts, i.e., one half of their settlement amount. The Plaintiffs agree to hold the County harmless for any tax liability they may suffer as result of the liquidated damages being subject to taxation. However, although the parties do not anticipate that the liquidated damages will be determined to be wages, if they are so determined, the Plaintiffs are not agreeing to hold the County harmless for the employer portion of the state and/or federal tax withholdings applicable to such wages. The County would, at that point, pay the applicable withholdings. The parties' attorneys have looked at this issue and both believe this will not become an issue based on their review of the law.

The settlement amount represents the agreed upon amount for all overtime compensation allegedly owed to Plaintiffs and all amounts allegedly owed for liquidated damages, a one-year extension of the statute of limitations, and any and all other damages and/or relief recoverable in the Action, with the exception of attorneys' fees, for the full liability period in this Action.

(b)     The Law Firm of Mastagni, Holstedt, Amick, Miller, Johnsen & Uhrhammer, tax identification number 94-2678460, ("Law Firm") shall receive a separate check payable to the Law Firm in the amount of three hundred and sixty six thousand six hundred and sixty six dollars ($366,666.00) for attorneys' fees and costs. Except as provided here, each party will bear its own attorneys' fees and costs.

(c)     The amounts described in paragraphs (a) and (b) shall be inclusive of overtime compensation allegedly owed to all named Plaintiffs, liquidated damages, a one-year extension of the statute of limitations, attorney fees' and costs, interest and any and all other damages and/or relief recoverable or potentially recoverable through the Action.

(d)     Payment of the Settlement Amounts listed on each plaintiff's signature and acknowledgement page shall occur within sixty (60) days of the Court's approval of this Agreement and order of dismissal in the Action as provided herein, but only on the condition that all of the Plaintiffs have completed an individual signature page to evidence his or her agreement with both this Agreement and the Stipulation re Approval of Settlement Agreement and Dismissal With Prejudice and [Proposed] Order

("Stipulation and Order") attached hereto as Exhibit A. Notwithstanding anything in this Agreement, no sum will be paid to any Plaintiff who has not signed, dated, and provided a current mailing address on a signature page to this Agreement. The payment to the Law Firm shall occur within sixty (60) days of the Court's approval of this Agreement and order of dismissal in the Action as provided herein.

    (e)    Plaintiffs expressly agree that the allocation of the Settlement Amounts, as provided herein, is fair, just and reasonable and acceptable to them.

    3.    <u>Resolution of the Action</u>. Each of the Plaintiffs agrees to dismiss, with prejudice, the Action, and to withdraw or dismiss any other complaint, claim, grievance or charge for FLSA overtime compensation that he or she has filed against the County up to the date he or she executes this Agreement. This Agreement extends to any such complaint, claim, grievance or charge for FLSA overtime compensation filed in any state or federal court, with any administrative body, agency, board, commission, or other entity whatsoever, which were asserted in the Action, or which could have been asserted based upon or related to the facts alleged in the Action. In order to finally and fully resolve this FLSA Action, the counsel for the Parties shall jointly execute, and the Parties shall approve the Stipulation and Order substantially in the form of stipulation and order attached hereto at Exhibit "A" through their signature on a signature page to this Agreement. The Parties expressly consent to and authorize their counsel to execute the Stipulation and Order and to seek Court approval of the Stipulation and Order on their behalf. The Parties shall submit the Stipulation and Order to the Court at the earliest opportunity after all Parties have fully completed an individual signature page and shall jointly request the Court to accept and approve the Stipulation and Order. Counsel shall prepare documentation as may be required by the Court. If for any reason the Court declines to enter and approve the Stipulation and Order, the Parties shall promptly meet and confer in a good faith effort to prepare a form of stipulation and order, or other similar decree, acceptable to the Court and consistent with the terms of this Agreement.

    4.    <u>Jurisdiction</u>.    This Agreement is executed and delivered in the State of California and the rights and obligations of the Parties hereunder shall be construed and enforced in accordance with the laws of the State of California. This Agreement may be executed in counterparts. Except as provided in this Agreement, all executed copies are duplicate originals and are equally admissible in evidence.

    5.    <u>Right to Appeal</u>.    Provided the Court enters the Stipulation and Order substantially in the form attached hereto at Exhibit A, the Parties shall waive all rights to appeal, seek to vacate or set-aside, and collaterally attack such Stipulation and Order.

    6.    <u>Release of Claims by Plaintiffs</u>. Plaintiffs hereby, on behalf of themselves and their spouses, domestic partners, heirs, representatives, executors, agents, attorneys, administrators, successors-in-interest and assigns, irrevocably and unconditionally release and discharge the County, including its officers and employees, heirs, representatives, executors, agents, attorneys, administrators, and successors-in-interest, from any and all lawsuits, claims, actions, demands or other legal responsibilities of any kind which

Plaintiffs have, or may have, against the County, its officers and employees which were asserted in the Action, or which could have been asserted based upon or related to the facts alleged in the Action. Plaintiffs expressly acknowledge that this Release includes any and all claims that Plaintiffs asserted or could have asserted based upon or related to the facts alleged in the Action. Plaintiffs also acknowledge and agree that this release is an essential and material term of this Agreement and without such release, no settlement would have been reached by the Parties.

7. <u>Release of Unknown Claims</u>. Plaintiffs, and each of them, hereby waive any and all rights or benefits that any of them may have under Section 1542 of the Civil Code of the State of California, which provides:

> "A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR."

Plaintiffs, and each of them, respectively, acknowledge that they understand the effect of this waiver pursuant to Civil Code Section 1542, and that they are represented and have been advised of this release by their counsel.

8. <u>Acknowledgment of Release</u>. In entering into this Agreement, Plaintiffs knowingly and voluntarily acknowledge, consent and agree to the "Notice to Employee Under the Fair Labor Standards Act" as contained in the United States Department of Labor's Receipt for Payment of Lost or Denied Wages, Employee Benefits, or Other Compensation (Form WH-58) which provides as follows: "Your acceptance of back wages due under the Fair Labor Standards Act means that you have given up any right you may have to bring suit for such back wages under Section 16(b) of that Act. Section 16(b) provides that an employee may bring suit on his/her own behalf for unpaid minimum wages and/or overtime compensation and an equal amount as liquidated damages, plus attorney's fees and court costs. Generally, a 2-year statute of limitations applies to the recovery of back wages. Do not sign this receipt unless you have actually received payment of the back wages due."

9. <u>Knowledge of Parties</u>. Plaintiffs and County, respectively, understand and agree to the settlement, this Agreement and the terms and conditions contained herein, and enter into this Agreement knowingly and voluntarily. Plaintiffs have been advised that they have the right to seek legal advice with respect to this Agreement, including the release, have had the opportunity to consult with counsel, and have in fact consulted with counsel of their choice. The Parties have investigated the facts pertaining to the settlement and the Agreement and all matters pertaining thereto as deemed necessary. The Parties have relied upon their judgment, belief, knowledge, understanding and expertise after consultation with their counsel concerning the legal effect of the settlement and its terms. By signing this document and the documents referred to herein,

the Parties signify their full understanding, agreement, and acceptance of the Agreement and the Stipulation and Order attached as Exhibit A.

10. <u>Entire Agreement</u>. This Agreement and the Stipulation and Order contains the entire agreement of the Parties regarding the subject matter of this agreement and shall constitute the final understanding between the Parties hereto. All prior negotiations made or which have occurred prior to the date of this Agreement are merged into this Agreement.

11. <u>No Additional Representations</u>. Except for the terms of this Agreement and the Stipulation and Order attached as Exhibit A, Plaintiffs and the County, respectively, have not relied upon any statement or representation, written or oral, made by any Party, or any of their respective agents, attorneys or any other person, regarding any matter including, but not limited to, the federal or state income tax consequences of the Agreement to any Party. The Parties expressly acknowledge and agree that they have relied solely upon the advice of their own attorneys and/or accountants as to the tax and benefit consequences of the Agreement.

12. <u>Warranty of Non-Assignment</u>. The Parties warrant that they have not assigned any of the claims or portions of the claims that are the subject of this Agreement.

13. <u>Binding Agreement</u>. The Agreement and all documents referred to herein, shall bind and inure to the benefit of and each of the Parties hereto and their spouses, domestic partners, children, heirs, estates, administrators, representatives, executors, attorneys' successors and assigns. Except as expressly provided herein, this Agreement is not for the benefit of any person not a Party hereto or any person or entity not specifically identified as a beneficiary herein or specifically identified herein as a person or entity released hereby. The Agreement is not intended to constitute a third party beneficiary contract.

14. <u>Authority to Execute</u>. Each Party hereto warrants to the other Party or Parties that he, she or it has the full power and authority to execute, deliver and perform under this Agreement and all documents referred to herein, and that any needed consent or approval from any other person has been obtained.

15. <u>Confidentiality and Disclosure of Terms</u>. The Parties each agree to maintain the confidentiality of this agreement to the extent permitted by law, and agree that they shall not voluntarily and publicly discuss this Agreement nor any terms thereof, nor the negotiations leading thereto, nor the underlying facts, nor any aspect of this matter, except as necessary in the ordinary course of County business. The Parties do however understand and consent that the County may be required to disclose the terms of this Agreement pursuant to the requirements of the Ralph M. Brown Act, Government Code section 54950, *et seq.*, or California Public Records Act, Government Code section 6250, *et seq.*, and the provisions of any other law or regulation requiring disclosure of information by public entities.

16. <u>Duty to Act in Good Faith</u>. The Parties shall act in good faith and use their reasonable good faith efforts after the execution of this Agreement to ensure that their respective obligations hereunder are fully and punctually performed. The Parties shall promptly perform any further acts and execute and deliver any other documents or instruments that may be reasonably necessary to carry out the provisions of this Agreement. Time is of the essence in this Agreement.

17. <u>Interpretation and Construction</u>. Any ambiguities or uncertainties herein shall be equally and fairly interpreted and construed without reference to the identity of the Party or Parties preparing this document or the documents referred to herein, on the understanding that the Parties participated equally in the negotiation and preparation of the Agreement and the documents referred to herein, or have had equal opportunity to do so. The headings used herein are for reference only and shall not affect the construction of this Agreement.

18. <u>Governing Law and Venue</u>. The settlement, this Agreement, and the documents referred to herein, shall be interpreted in accordance with the laws of the State of California, and if necessary Federal Law. To the extent that any Party brings an action to enforce the terms of this Agreement, such action shall be filed and prosecuted in the Tulare County Superior Court and/or the United States District Court for the Eastern District of California, to the extent of that court's jurisdiction.

19. <u>Breach, Waiver and Amendment</u>. No breach of this Agreement or of any provision herein can be waived except by an express written waiver executed by the Party waiving such breach. Waiver of any one breach shall not be deemed a waiver of any other breach of the same or other provisions of this Agreement. The Agreement may be amended, altered, modified or otherwise changed in any respect or particular only by a writing duly executed by the Parties hereto or their authorized representatives.

20. <u>Exhibits</u>. All exhibits and schedules attached to this Agreement are hereby incorporated into this Agreement as though fully set forth herein.

21. <u>Execution</u>. This Agreement, and any document referred to herein, may be executed in any number of counterparts, each of which may be deemed an original and all of which together shall constitute a single instrument.

22. <u>Agreement Does Not Establish Precedent</u>: The parties agree that the terms of this Agreement are binding and will not establish any precedent, nor will this Agreement be used as a basis by the parties or anyone else to seek or justify similar terms in any subsequent case.

23.     <u>Effective Date</u>. This AGREEMENT shall become effective immediately following execution by all of the PARTIES, on the latest date appearing below.

**PLEASE READ CAREFULLY: This Settlement Agreement and General Release of Claims includes a release of known and unknown claims related to this Action.**

**IN WITNESS WHEREOF**, the Parties hereto have executed this Settlement Agreement and General Release.

Dated: _____, 2007          By: _____
                                           Allen Ishida, Chairman
                                           Tulare County Board of Supervisors

                                           Defendant, County of Tulare


ATTEST: BRIAN HADDIX
County Administrative Officer/Clerk of the Board of Supervisors of the County of Tulare

By      _____
        Deputy Clerk

APPROVED AS TO FORM AND CONTENT:

**LIEBERT CASSIDY WHITMORE**

Dated: _____, 2007     By: _____
                                       Peter Brown
                                       Attorneys for
                                       Defendant, County of Tulare

**MASTAGNI, HOLSTEDT, AMICK,
MILLER, JOHNSEN & UHRHAMMER**

Dated: _____, 2007     By: _____
                                       David E. Mastagni,
                                       Attorney for Plaintiffs

**SIGNATURES OF INDIVIDUAL PLAINTIFFS ARE CONTAINED ON SEPARATE SIGNATURE PAGES ATTACHED AND INCLUDED HEREIN BY THIS REFERENCE.**